## Dark Tobacco Growers' Cooperative Association v. Alexander.

### (Decided April 28, 1925.)

### Appeal from Ballard Circuit Court.

1. Agriculture—Sale of Tobacco Given Wife by Husband Orally Held Breach of Association Agreement.—Where member of tobacco growers' co-operative association had orally given wife tobacco on small plat held by him under oral lease for year, which was personal property, under Ky. Stats., section 458, sale of tobacco outside of association held breach of agreement, in view of section 2128, requiring gifts between husband and wife to be in writing, to be valid against third persons.

2. Agriculture—Knowledge of Organizer Held Not Notice to Association.—Knowledge of one assisting in organizing tobacco growers' co-operative association that tobacco on land leased by member was claimed by wife held not notice to corporation subsequently organized.

BRADSHAW & MACDONALD, B. M. STEWART, AARON SAPIRO, ROY G. GARRISON and ABE D. WALDAUER for appellant.

WM. HENDERSON and M. C. ANDERSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

W. T. Alexander is a farmer in Ballard county. On September 20, 1922, he signed a written agreement to become a member of the Dark Tobacco Growers' Co-operative Association for the year 1922, stipulating that his acreage in 1922 was 15 acres. The association was regularly organized after this in the fall of 1922. In January, 1923, Alexander sold outside of the association 3,300 pounds of the 1922 crop, and this action was brought to recover damages therefor pursuant to the written agreement which he had signed. The defense to the action was, in substance, that the tobacco sold was the property to his wife, Pearl Alexander. and not his tobacco. The facts shown by the proof are these:

W. T. Alexander had rented for tobacco in 1922 twelve or thirteen acres in one tract and also had a contract with two neighbors by which he was to put in tobacco a piece of land containing three or four acres belonging to them, in consideration of his cleaning it up, the land having never been previously cultivated or cleaned off. He had living with him a young man who agreed to help him raise this tobacco. After they had plowed the larger tract and had cleaned off and plowed the smaller tract and a part of the tobacco was planted on the larger tract, the young man concluded to leave and Alexander bought him out. It then became necessary for him to hire another man. If he did this his wife would have to cook and wash for him. She said that she would rather work in the tobacco than to cook and wash for another man and that she would do this if her husband would turn over to her as her tobacco the smaller tract. This was agreed to between them. The plants for all the tobacco that had not been planted were drawn from the patch which had previously been prepared. Mr. and Mrs. Alexander and the boys raised the crop of tobacco; all worked wherever work was needed, but Mrs. Alexander always claimed that the tobacco on the smaller tract was hers, and her husband so regarded it. When he signed the contract on September 20th, he signed for 15 acres, and a contract for Mrs. Alexander to sign was left at the house for her to sign and she refused to sign it. When the tobacco was cut it was handled, as it had been raised, by the family. But the tobaco from the smaller tract was placed in a barn to

itself on Alexander's land near his house. It was stripped separately. Soon thereafter Alexander took it to market and sold it, received the check, and turned over the money to his wife. The court on this proof refused to give the jury a peremptory instruction to find for the plaintiff. The jury returned a verdict for the defendant, on which judgment was entered. The plaintiff appeals.

Section 2128, Kentucky Statutes, provides:

"A gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons, unless the same be in writing, and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded."

Before the arrangement with his wife was made Alexander had leased this smaller tract for tobacco for the year 1922. The consideration of the lease was his clearing the land and cultivating it in tobacco. The contract being only for a year was valid although not in writing. Alexander had taken possession of the land under the contract and was performing it. This lease of the land was personal property. Kentucky Statutes, section 458. A transfer or assignment of this lease to his wife was a transfer of personal property. Her whole right depends upon this transfer, for she has no claim to the tobacco except by reason of it. The transfer not being recorded was not valid as to third persons. The statute is peremptory. The reasons for it are well illustrated by the facts of this case. The husband is the head of the family; the wife and children are members of his family. They all worked in all of this tobacco where work was most needed without any distinction as to the ownership of the tobacco on either tract. The husband's teams were used in all of the tobacco alike. There was nothing to put anyone on notice that a part of the tobacco was the property of the wife, and if such transfers could be sustained as to third persons the door would be opened for fraud, for there would be no way in many cases for the third persons to show the truth. The statute, therefore, requires such transfers to be made a matter of record and applies in all cases, although the transfer may have been made in good faith.

W. T. Alexander's brother, S. J. Alexander, who was assisting in getting up the membership, knew of Mrs. Alexander's claim to this tobacco, but notice to him was

not notice to the corporation subsequently organized. 7 R. C. L., p. 80. On the facts the court should, under the statute, have instructed the jury peremptorily to find for the plaintiff.

Judgment reversed and cause remanded for further proceedings consistent herewith.